IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LISA L LADAY-DAVIS, | : | CASE NO. 23-52400-JWC |
| *AKA LADAY LISA* | : | |
| | : | |
| Debtor. | : | |
| | : | |
| DISCOVER BANK, | : | CONTESTED MATTER |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| LISA L LADAY-DAVIS, | : | |
| *AKA LADAY LISA* | : | |
| S. GREGORY HAYS, Trustee | : | |
| | : | |
| Respondents. | : | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Discover Bank has filed a Motion for Relief from the Automatic Stay and related papers with the Court seeking an order modifying the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: (toll-free number: 833-568-8864; meeting ID 160 459 5648), at 10:00 a.m. on May 4, 2023 in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including

addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated this:     04/13/2023

/s/Michael J. McCormick

Michael J. McCormick, GA BAR NO. 485749
Attorney for Movant
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, Georgia 30076
678-281-3918
Michael.McCormick@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LISA L LADAY-DAVIS, | ) | CASE NO. 23-52400-jwc |
| *AKA LADAY LISA* | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DISCOVER BANK, | ) | CONTESTED MATTER |
| | ) | |
| Movant. | ) | |
| | ) | |
| vs. | ) | |
| LISA L LADAY-DAVIS, | ) | |
| *AKA LADAY LISA* | ) | |
| S. GREGORY HAYS, Trustee | ) | |
| | ) | |
| Respondents. | ) | |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Movant and shows this Court the following:

1.

This is a Motion under Section 362(d) of the Bankruptcy Code for relief from the automatic stay for all purposes allowed by law and the contract between the parties, including, but not limited to, the right to foreclose on certain real property.

2.

Movant is the servicer of a loan secured by certain real property in which Debtor claims an interest.  A copy of the Security Deed is attached hereto and made a part hereof.  Said real property is security for a promissory note, and is located at and more commonly known as 2220 Derbyshire Dr, Marietta, Georgia 30064 (the "Property").

3.

Debtor is in default of the monthly installments pursuant to the terms of the Note.  As of April 5, 2023, Debtor is delinquent for three (3) payments of $366.53 each (February 2023 to April 2023), for a  total contractual delinquency of $1,099.59, pursuant to the terms of the Note.

4.

As of April 5, 20203, the total debt owed to Movant is approximately $50,508.64, consisting of: an unpaid principal balance of $49,434.47; accrued interest in the amount of $1,030.74; total fees in the amount of $25.00; accumulated late charges in the amount of $18.33; and a flat/other penalty fee in the amount of $0.10.

5.

Because of Debtor's default and inability to make all required payments, Movant is not adequately protected and shows that there is cause for relief from the automatic stay.

6.

In addition, Debtor's Statement of Intention filed on March 13, 2023, indicates Debtor intends to surrender her interest in the Property [Doc# 1], which is further cause for relief from the automatic stay.  Further, upon information and belief, the Debtor does not reside in the Property.

7.

Because there may be little or no equity in the Property which could benefit the Estate, the Trustee's interest should be deemed abandoned.

8.

Because the Security Deed so provides, Movant is entitled to its attorney's fees.

9.

Debtor's Schedule A/B values the Property at $648,000.00 [Doc# 1].  Upon information and belief, Movant is not aware of any other liens against the Property, other than a first mortgage lien in the amount of $423,105.00 held by LoanCare, LLC and a statutory lien in the amount of $25,225.00 held by High Caliber Construction, LLC, according to Debtor's Schedule D [Doc# 1].

10.

Movant requests it be permitted to contact the Debtor via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

WHEREFORE, PREMISES CONSIDERED, Movant prays (1) for an Order modifying the automatic stay, authorizing Movant, its successors and assigns, to proceed with the exercise of its private power of sale and to foreclose under its Security Deed and appropriate state statutes; (2) for an award of reasonable attorney's fees; (3) that Movant, at its option, be permitted to contact the Debtor via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements; (4) for waiver of Bankruptcy Rule 4001(a)(3); and (5) for such other and further relief as is just and equitable.

*/s/Michael J. McCormick*
Michael J. McCormick, Georgia BAR NO. 485749
Attorney for Movant
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, Georgia 30076

678-281-3918
312-803-9663
Michael.McCormick@mccalla.com

BANKRUPTCY CASE NO. 23-52400-JWC

CHAPTER 7

CERTIFICATE OF SERVICE

I, Michael J. McCormick, of McCalla Raymer Leibert Pierce, LLC, 1544 Old Alabama Road, Roswell, Georgia 30076-2102, certify:

That on the date below, I served a copy of the within NOTICE OF HEARING, together with the MOTION FOR RELIEF FROM THE AUTOMATIC STAY filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, postage prepaid, unless another manner of service is expressly indicated:

Lisa L Laday-Davis
798 Springs Crest Drive
Dallas, GA 30157
*Debtor*

Lisa L Laday-Davis
2220 Derbyshire Dr
Marietta, GA 30064
*Debtor*

High Caliber Construction, LLC
48 Violet Lane
Dallas, GA 30132
*Lienholder*

LoanCare, LLC
Attn: Consumer Solutions Dept
3637 Sentara Way
Virginia Beach, VA 23452
*Lienholder*

Daniel E. Raskin                    *(served via ECF notification)*
Law Clinic of Daniel E. Raskin
Suite 114
325 Hammond Drive
Atlanta, GA 30328
*Attorney for Debtor*

*(Certificate of Service continued on next page)*

S. Gregory Hays, Trustee            *(served via ECF notification)*
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305
*Chapter 7 Trustee*

Office of the United States Trustee        *(served via ECF notification)*
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
*U.S. Trustee*

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:  04/13/2023      By:    */s/Michael J. McCormick*
              (date)                 Michael J. McCormick Georgia BAR NO. 485749
                                     Attorney for Movant

# NOTE

**Laday-Davis**
Loan #. ▓▓▓▓▓

| **August 26, 2021** | **Marietta,** | **Georgia** |
|---|---|---|
| [Date] | [City] | [State] |

**2220 Derbyshire Dr, Marietta, GA 30064**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$50,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Discover Bank**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **7.990%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **October 1, 2021**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 1, 2051**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 660592, Dallas, TX 75266-0592** or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$366.53**.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

**GEORGIA** - SECOND FIXED RATE NOTE - 08/16

Initials: _____

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5%** of my overdue payment of principal and interest or **$29, whichever is less.** I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums

Page 2 of 3

GEORGIA - SECOND FIXED RATE NOTE - 08/16

Initials: _____

secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 12 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**NOTICE TO BORROWER**
**Do not sign this Note if it contains blank spaces.**
**All spaces should be completed before you sign.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

 - **BORROWER** - **Lisa L Laday-Davis** - **DATE** -

*[Sign Original Only]*

Individual Loan Originator: **Victoria Alexis Gonzalez**, NMLSR ID: █████████
Loan Originator Organization: **Discover Bank**, NMLSR ID: ███████

**GEORGIA** - SECOND FIXED RATE NOTE - 08/16

Deed Book 15968 Page 1401
Filed and Recorded 9/9/2021 8:04:00 AM
2021-0130678
Georgia Intangible Tax Paid $150.00
Connie Taylor
Clerk of Superior Court
Cobb County, GA
Participant IDs:

After Recording Return To:
**Discover Fulfillment**
**Center**
**6000 Freedom Square,**
**Suite 300**
**Independence, OH 44131**

Prepared By:
*Lene Gordon*

**Discover Bank**
**12 Reads Way**
**New Castle, DE 19720**

---

[Space Above This Line For Recording Data]

## SECURITY DEED

Laday-Davis
Loan #
PIN

*a single woman*

THIS DEED is made this **26th** day of **August, 2021**, between the Grantor, **LISA L. LADAY-DAVIS** (herein "Borrower"), and the Grantee, **Discover Bank**, organized and existing under the laws of **Delaware**, whose address is **12 Reads Way, New Castle, DE 19720** (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. **$50,000.00**, which indebtedness is evidenced by Borrower's note dated **August 26, 2021** and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on **September 1, 2051**;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County of **Cobb**, State of Georgia:
**THE FOLLOWING LANDS AND PROPERTY, TOGETHER WITH ALL IMPROVEMENTS LOCATED THEREON, LYING IN COBB COUNTY, GA TO WIT:**

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 472 OF THE 19TH DISTRICT, 2ND SECTION OF COBB COUNTY, GEORGIA, BEING LOT 111 OF CAMBRIDGE PRESERVE, UNIT I, PHASE 2, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 274, PAGE 823, COBB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE FOR A MORE DETAILED DESCRIPTION.**

**THIS BEING THE SAME PROPERTY CONVEYED TO LISA L. LADAY-DAVIS, DATED 08/14/2020 AND RECORDED ON 08/26/2020 IN BOOK 15787, PAGE 5975, IN THE COBB COUNTY RECORDERS OFFICE.**

**PARCEL NO.**

**GEORGIA** - SECOND SECURITY DEED - 03/18

**EX** 477.40                    Page 1 of 7

Initials: _____

which has the address of **2220 Derbyshire Dr**, **Marietta**, **GA 30064** (herein "Property Address");

TO HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Deed; and all of the foregoing, together with said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior security deed, mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and complying said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its

**GEORGIA** - SECOND SECURITY DEED - 03/18

Initials: _____

acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower for interest payable on the Note, then to the principal of the Note, and then to amounts under paragraph 2 hereof, if any.

If Lender receives a payment from Borrower for a delinquent periodic payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one periodic payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the periodic payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more periodic payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or miscellaneous proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the periodic payments.

**4. Prior Deeds to Secure Debt; Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to the approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such

**GEORGIA** - SECOND SECURITY DEED - 03/18

EX 477.40                    Page 3 of 7

Initials: _____

appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by first class mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the

**GEORGIA** - SECOND SECURITY DEED - 03/18

Initials: _____

extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale herein granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise said power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.**

**Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order:**

**GEORGIA** - SECOND SECURITY DEED - 03/18

EX 477.40                          Page 5 of 7

Initials: _____

(a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law and costs of title evidence.

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

**22. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**23. Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

EX 477.40                    Page 6 of 7

GEORGIA - SECOND SECURITY DEED - 03/18

Initials: _____

REFERENCE IS HEREBY MADE TO THE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES:

☐ Adjustable Rate Rider        ☐ Condominium Rider              ☐ Second Home Rider
☐ Balloon Rider                ☒ Planned Unit Development Rider  ☐ Biweekly Payment Rider
☐ 1-4 Family Rider             ☒ Other(s) [specify] **Waiver of Borrower's Rights**

IN WITNESS WHEREOF, BORROWER has executed and sealed this Deed.

8-26-2021

BORROWER - Lisa L Laday-Davis - DATE -

Signed, sealed and delivered in the presence of:

8-26-2021

Unofficial Witness

Notary Public, Bartow _____ County
10/10/2024

JESSE ALLEN BLOCK
NOTARY
PUBLIC
BARTOW COUNTY, GEORGIA

*[Sign Original Only]*

**[Space Below This Line For Acknowledgment]**

Individual Loan Originator: **Victoria Alexis Gonzalez**, NMLSR ID: ████████
Loan Originator Organization: **Discover Bank**, NMLSR ID: ████████

**GEORGIA - SECOND SECURITY DEED - 03/18**

EX 477.40                        Page 7 of 7

# PLANNED UNIT DEVELOPMENT RIDER

**Laday-Davis**
Loan #: ▮▮▮▮▮▮▮▮

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **26th** day of **August, 2021**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to **Discover Bank** (the "Lender") of the same date and covering the Property described in the Security Instrument and located at: **2220 Derbyshire Dr, Marietta, GA 30064**

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in THE COVENANTS, CONDITIONS AND RESTRICTIONS FILED OF RECORD THAT AFFECT THE PROPERTY. (the "Declaration"). The Property is a part of a planned unit development known as **Cambridge Preserve** (the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**MULTISTATE PUD RIDER**--Single Family/Second Mortgage--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
▣ 2483.14                              Form 3150   1/01      *(page 1 of 3 pages)*
                                                                **Amended**

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then Borrower's obligation under Uniform Covenant 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**MULTISTATE PUD RIDER--Single Family/Second Mortgage--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
2483.14          **Form 3150   1/01**     *(page 2 of 3 pages)*
                                              **Amended**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this
PUD Rider.

8-26-21

- BORROWER - Lisa L Laday-Davis - DATE -

**MULTISTATE PUD RIDER**--Single Family/Second Mortgage--**Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT**

2483.14                                              Form 3150   1/01    *(page 3 of 3 pages)*
                                                                                    **Amended**

# DISCOVER | HOME LOANS

After Recording Return To:
**Discover Fulfillment Center**
ATTENTION:
**6000 Freedom Square, Suite 300**
**Independence, OH 44131**

Prepared By:

**Discover Bank**
**12 Reads Way**
**New Castle, DE 19720**

---

### WAIVER OF BORROWER'S RIGHTS

Laday-Davis
Loan #███████

GRANTOR: **LISA L. LADAY-DAVIS**

LENDER: **Discover Bank**

DATE OF SECURITY DEED: **August 26, 2021**

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF: (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES. THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

_____   8-26-21

\- BORROWER - Lisa L Laday-Davis - DATE -


Signed, sealed and delivered in the presence of:

_____ 8-26-2021
Unofficial Witness

_____
Notary Public, __Bartow__ County

12/10/2024



© 2016 DISCOVER BANK, Member FDICNMLS ID #

1009.53                                    Page 2 of 3

Deed Book 4596 Page 410
Connie Taylor
Clerk of Superior Court

**CLOSING ATTORNEY'S AFFIDAVIT**

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

_____
Closing Attorney

Sworn to and subscribed before me on **August 26, 2021**

_____
Notary Public

My Commission Expires: **3/4/2023**

*(Notary Seal: BREANNA DAYTON, NOTARY, EXPIRES GEORGIA 3/4/2023, PUBLIC, PAULDING COUNTY)*



© 2016 DISCOVER BANK, Member FDIC  NMLS ID #_____
EX  1009.53